UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00319

**Paul Sean Gaffney,**
*Plaintiff,*

v.

**Bryan Collier et al.,**
*Defendants.*

# ORDER

Plaintiff Paul Sean Gaffney, a prisoner of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 4.

On August 24, 2023, the magistrate judge issued a report recommending that the amended complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b). Doc. 15. Plaintiff filed written objections. Doc. 18.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because the plaintiff's amended complaint failed to establish any violation of the plaintiff's federal rights. Doc. 15. Plaintiff's objection to the report does not persuade the court otherwise.

Plaintiff was investigated for wrongdoing for which he was not found guilty and received no punishment. He was also moved out of a dorm for which he was eligible, but in which he had no constitutional right to be housed. *See Humphrey v. Banks*, 777 F. App'x 767, 768 (5th Cir. 2019) ("'[A] prison inmate does not have a protectable liberty or property interest in his custodial classification' and does not have a constitutional right to be housed in a particular facility."). Plaintiff was moved from the dorm after objecting to participation in

the veterans program required of residents of that dorm. For the reasons explained by the magistrate judge, plaintiff fails to establish that his temporary exposure to a commonplace secular program burdened his ability to practice his religion in any way. Nor do any of the facts pertaining to the investigation of plaintiff or his temporary stay in or removal from the dorm in question amount to a violation of his rights. Plaintiff's objections rehash his claims but do not establish that there is any merit in his amended complaint. And, as the magistrate judge explained, this lack of merit obviates the need to address whether the plaintiff's conclusory allegations of conspiracy would support a § 1983 claim against the private parties named as defendants.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objection and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b).

*So ordered by the court on October 2, 2023.*

J. CAMPBELL BARKER
United States District Judge